## James H. Hooper, Appellee, v. O. C. Hagen, Appellant.

## Gen. No. 23,612.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. Dennis
W. Sullivan, Judge, presiding. Heard in this court at the October
term, 1917. Reversed and judgment here for plaintiff for $28.90.
Opinion filed March 5, 1918.

### Statement of the Case.

Action by James H. Hooper, plaintiff, against O. C.
Hagen, defendant, to recover upon an alleged agree-
ment by defendant to procure for plaintiff certain
orders upon the tenants in possession of certain prem-
ises to pay the rents due and to accrue to plaintiff
under a certain written contract for the sale of the
premises to plaintiff's assignor, the contract being as-
signed to plaintiff. From a judgment for plaintiff for
$89, defendant appeals.

The contract was executed by a stenographer in de-
fendant's office, on one side, and plaintiff's assignor,
on the other. The deal was closed after the assign-
ment, and by plaintiff's direction deed was executed
by Frederick J. Phillips, who held the legal title, to
Louis Heidlauf.

ANDERSON, ANDERSON & ANDERSON, for appellant.

JAMES H. HOOPER, *pro se.*

MR. JUSTICE DEVER delivered the opinion of the
court.

### Abstract of the Decision.

1. VENDOR AND PURCHASER, § 167*—*when consideration for ar-
rangement concerning rent shown.* Evidence *held* to show that

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

plaintiff and defendant had such interest in certain premises at and after a contract for the sale of same was entered into between plaintiff's assignor as purchaser and a certain stenographer in defendant's office as would furnish a sufficient legal consideration for defendant's promise to plaintiff to furnish plaintiff certain orders upon the tenants in possession of the premises to pay rent to the plaintiff, notwithstanding defendant was not the holder of the legal title, and notwithstanding plaintiff directed execution of the deed under the contract to another person, where plaintiff and defendant had dealt with each other as having an actual interest in the premises.

2. VENDOR AND PURCHASER, § 167*—*when rent recoverable by assignee of contract of purchase from real original owner.* Plaintiff was entitled to recover from defendant as the real original owner of property certain rent due, less a certain deduction conceded, where he was entitled to such rent as assignee of a certain contract of purchase but was unable to enforce collection of same by reason of defendant's refusal to perform his agreement to deliver to plaintiff orders upon the tenants to pay rent to plaintiff.